**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOUGLAS H. CALLAWAY,**

**Plaintiff,**

**-vs-**                                                                                   **Case No.  6:05-cv-1569-Orl-28DAB**

**LOUIS A. BELL, JR.,**

**Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument[1] on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, LOUIS A. BELL, JR.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 68)** |
| **FILED:** | **August 13, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

Defendant Louis A. Bell, Jr., filed his Motion to Enforce Settlement Agreement on August 13,

2007.  Doc. No. 68.  The same day, Plaintiff's attorney at that time, Hugh Koerner, filed a status

report stating that Plaintiff was opposed to the relief and was seeking new counsel.  Doc. No. 69.  Mr.

Koerner further stated that Plaintiff understood his failure to execute the settlement documents

resulted in a conflict of interest between Plaintiff and his attorney.  Doc. No. 69.  Mr. Koerner filed

_____

[1]At the status conference on September 5, 2007, the Court allowed Plaintiff *pro se* to present argument.

his motion withdrawing from the case on August 31, 2007, having waited the ten days requisite following service of the intent to withdraw on Plaintiff.  Doc. No. 72.

The Court held a status conference on September 5, 2007.  Doc. No. 74.  At that time, the Court granted Mr. Koerner's Unopposed Motion to Withdraw and allowed Plaintiff until September 17, 2007 to file his opposition to the Motion to Enforce the Settlement Agreement whether or not he was able to find new counsel.  Doc. No. 74.  The ruling was memorialized in a written order entered on September 6, 2007, which additionally cautioned Plaintiff that his "failure to file opposition to Defendant's Motion may result in granting of the Motion to Enforce Settlement."  Doc. No. 75.

Defendant Bell seeks to enforce the Settlement Agreement reached by the parties on or about June 11, 2007.  Doc. No. 63 (notice of settlement).  Judge Antoon entered an Order of Dismissal on June 15, 2007.  Doc. No. 65.  According to Defendant, pursuant to the settlement agreement, Plaintiff was to execute a General Release and Notice of Voluntary Dismissal with Prejudice, which was forwarded to Plaintiff's counsel in early July 2007.  Doc. No. 68 ¶ 2.  Defendant, through the State of Florida, forwarded the settlement funds to Plaintiff's attorney on July 6, 2007 but  Plaintiff was unwilling to execute the settlement documents or dismiss the case with prejudice.  Doc. No. 68 ¶¶ 3-5.

At the status conference on September 5, 2007, the Court allowed Plaintiff *pro se* the opportunity to present argument against the settlement, and Plaintiff failed to articulate any reason not to enforce the settlement other than general dissatisfaction with the settlement terms.  Plaintiff has failed to file any written opposition to Defendant's Motion, despite the Court's cautionary statements at the status conference and in the written order; thus, Defendant's Motion remains unopposed.

It is respectfully **RECOMMENDED** that Defendant's Motion to Enforce Settlement Agreement be **GRANTED**.  To effectuate that settlement, the judgment should be vacated and a new

judgment should be entered dismissing the action and all of Plaintiff's claims with prejudice.  Counsel for Defendant should re-tender the settlement check to Plaintiff's former counsel, who can disburse the proceeds consistent with the agreement of the parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 18, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Plaintiff Douglas H. Callaway
Courtroom Deputy